Michael Craig Cox, CA SBN # 248393
120 Roble Road, #108
Walnut Creek, CA 94597
Telephone:     650.245.2565
Facsimile:      by appointment: 925.943.6249
Email:          mick@legalhelpfor.us

Attorney for Petitioner
Omid SAADATI

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **Omid SAADATI,**<br><br>              Petitioner,<br><br>     v.<br><br>**Michael CHERTOFF**, in his official capacity, Secretary, United States Department of Homeland Security;<br>**Peter KEISLER**, in his official capacity, Attorney General, United States Department of Justice;<br>**Emilio GONZALEZ**, in his official capacity, Director, United States Citizenship and Immigration Services, United States Department of Homeland Security; and<br>**Gerard HEINAUER**, in his official capacity, Director, Nebraska Service Center, United States Citizenship and Immigration Services, United States Department of Homeland Security, Lincoln, Nebraska<br><br>              Respondents. | Case No.: C07-05091 EMC<br><br><br>**Petition for Naturalization**<br><br>Immigration Case<br><br>Agency No.: A071 759 726 |

Petition for de novo review of
Application for Naturalization - 1                                           Case No. C07-05091 EMC

**INTRODUCTION**

1.  Petitioner Omid Saadati files this Petition for Review pursuant to 8 U.S.C. § 1447(b), Immigration and Nationality Act ("INA") § 336(b), seeking <u>de novo</u> judicial review of his application for naturalization and requesting that this Court grant his application for naturalization or, if necessary, order that a hearing take place in this matter.

2.  In the alternative, Petitioner requests the Court to remand this matter to Citizenship and Immigration Services ("CIS") with instructions to immediately adjudicate his N-400 Application for Naturalization ("N-400 Application"). This alternate request is also pursuant to 8 U.S.C. § 1447(b), INA § 336(b).

3.  Petitioner files this Petition for <u>de novo</u> review because the United States Department of Homeland Security ("DHS") has failed to make a determination regarding Petitioner's application for naturalization for well over 120 days since the naturalization examination was conducted at the CIS office in Salt Lake City, Utah. <u>See</u> 8 U.S.C. § 1447(b). His application has been pending for over 3 ½ years since the date of his interview, more than ten times the statutory maximum 120 days.

4.  Petitioner meets all statutory requirements for naturalization. <u>See</u> 8 U.S.C. § 1427(a); INA § 316(a). He has continuously resided as a lawful permanent resident in the United States for over five years and has been physically present in the United States during this entire time. <u>See</u> 8 U.S.C. §§ 1427(a)(1), (a)(2). Petitioner has also been a person of good moral character for over five years. <u>See</u> 8 U.S.C. § 1427(a)(3); 8 C.F.R. § 316.10. He has not been arrested or convicted of any criminal conduct at any time, including within the statutory five year period during which he must demonstrate good moral character. <u>Id</u>. Thus, Petitioner meets all the statutory requirements for naturalization.

5.  Over the past 45 months, Petitioner has made numerous requests to the DHS to adjudicate Petitioner's application for naturalization. In the more than three and one-half years since Petitioner had his naturalization interview and passed his naturalization examination, CIS has taken no apparent action to adjudicate the application.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 8 U.S.C. § 1447(b) (United States District Court may determine naturalization application when the DHS has failed to determine the matter within 120 days of the date on which the naturalization examination was conducted); 28 U.S.C. § 2201 (Declaratory Judgment Act); and 28 U.S.C. § 1321 (federal question jurisdiction).

7. This Court has jurisdiction over the alternate requested relief in this action pursuant to 8 U.S.C. § 1447(b) (Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter); 28 U.S.C. § 2201 (Declaratory Judgment Act); and 28 U.S.C. § 1321 (federal question jurisdiction).

8. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which the Respondents are employees or officers of the United States, acting in their official capacities; and because Petitioner Saadati resides in Contra Costa County, in the Northern District of California and there is no real property involved in this action. See also 8 U.S.C. § 1447(b) (venue proper in "district court for the district in which the applicant resides").

8. Intradistrict Assignment:  As required by Local Rule 3-5(b), this case may be assigned to the San Francisco Division because this case is not one of the enumerated types of cases in Civil Local Rule 3-2(c), and because Petitioner resides in Contra Costa County, which falls within the jurisdiction of the San Francisco division of this Court. See Civil L.R. 3-2(c), (d).

## PARTIES

9. Petitioner Omid SAADATI is a citizen and national of Iran, born in 1973.  Petitioner is a permanent resident of the United States and resides in Walnut Creek, California with his wife.

10. Respondent Michael CHERTOFF is sued in his official capacity as the Secretary of the United States Department of Homeland Security ("DHS").  In this capacity he has

Petition for de novo review of
Application for Naturalization - 3                              Case No. C07-05091 EMC

responsibility for the administration and enforcement of the immigration and naturalization laws pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. No. 296, 116 Stat. 2135 (Nov. 25, 2002); see also 8 U.S.C. § 1103.

11. Respondent Peter KEISLER is sued in his official capacity as the acting Attorney General of the United States Department of Justice.  Mr. Keisler holds this role following the resignation of Alberto Gonzales effective September 17, 2007.  The current Attorney General of the United States shall be automatically substituted as a party, pursuant to F.R.C.P. 25(d)(1), should Mr. Keisler cease to hold the position of Attorney General of the United States.  In this capacity as Attorney General Mr. Keisler has responsibility for providing access to criminal history record information pursuant to 8 U.S.C. § 1105(b), 8 U.S.C. § 1103(g).

12. Respondent Emilio GONZALEZ is the Director of the United States Citizenship and Immigration Services ("CIS") and is sued herein in his official capacity.  See 8 C.F.R. §§ 2.1, 103.1.

13. Respondent Gerard HEINAUER is the Director of the Nebraska Service Center of CIS and is sued herein in his official capacity.  See id.

## FACTUAL ALLEGATIONS

14. Petitioner Omid Saadati arrived in the United States as a refugee on April 14, 1998.

15. Petitioner Saadati has been a permanent resident of the United States since April 14, 1998.

16. Petitioner Saadati filed an N-400 Application for Naturalization on March 17, 2003, from his home in Salt Lake City, Utah.  That same date of March 17, 2003 is Petitioner Saadati's priority date.

17. Petitioner Saadati had his fingerprints taken in furtherance of his N-400 Application on April 29, 2003.

18. Petitioner Saadati completed the examination in furtherance of his N-400 Application on December 18, 2003.

Petition for de novo review of
Application for Naturalization - 4                              Case No. C07-05091 EMC

19. At the December 18, 2003 examination, Petitioner Saadati was interviewed and received written confirmation that he passed the tests of English, U.S. History, and Government.

20. At the December 18, 2003 examination, Petitioner Saadati was informed that a decision could not yet be made about his application for citizenship. At the conclusion of the interview, he was told by INS, now CIS, Officer Rice that he had passed the naturalization examination but that a decision could not be made on his case because his background checks had not been completed.[1]

21. Petitioner made repeated phone call and online inquiries into the status of his N-400 Application with CIS over the course of his N-400 Application's many years in process, with the frequency of such inquiries slowing as his N-400 Application languishes without response.

22. Petitioner further requested assistance from Utah Senator Oren Hatch multiple times in 2004.

23. None of the above means of seeking information in preceding paragraphs (21) and (22) yielded a meaningful status update beyond Petitioner Saadati being told no information was available.

24. In January, 2006, Petitioner Saadati moved into the Northern District of California due to his full-time employment in San Francisco. He remains an employee of that same company today.

25. Petitioner's domicile is in Walnut Creek, California, although he continues to own property in Utah, purchased in 2003, at which he receives some mail.

26. Petitioner Omid Saadati has complied with all requests for information, attended all requested appointments, and paid all fees associated with his N-400 Application and all other forms submitted in his quest to become a naturalized citizen of the United States.

---

[1] Despite guidance in 8 C.F.R. § 335.2 that states, "The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application **only after** the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed." 8 C.F.R. § 335.2(b). (emphasis added)

```
Petition for de novo review of
Application for Naturalization - 5                          Case No. C07-05091 EMC
```

27. As of September 30, 2007, 1382 days have elapsed since Petitioner Saadati's examination from December 18, 2003, more than 3 ½ years, or 11 times, more than the 120 days in which Respondents were required to make a determination on Petitioner Saadati's N-400 Application.

28. One of Petitioner Saadati's sisters and his mother are already United States citizens. Petitioner's other sister has been in the United States three years with her family. Petitioner's uncle and cousins are also United States citizens.

29. Petitioner Saadati continues to suffer significant hardship due to the delays imposed by waiting for a final decision and swearing in date. Among the myriad of other benefits conferred with citizenship, Petitioner has been unable to travel freely, to vote, or to share the pride with his family that are associated with citizenship. Petitioner has also suffered, and is suffering, significant financial, emotional, and mental stress due to the 120 day timeline elapsing without word from CIS about the outcome of Petitioner's N-400 Application.

30. On September 1, 2007, Petitioner Saadati mailed a Freedom of Information Act request for information to CIS requesting all written records related to his file. To date, CIS has not responded to Petitioner Saadati's request.

31. On August 29, 2007, Petitioner Saadati, though counsel, submitted a letter to the United States District Attorney's Office to notify them of these delays, and to request assistance in obtaining prompt adjudication of Petitioner Saadati's N-400 Application. A similar letter was mailed on the same date to the CIS Nebraska Service Center. Those letters were received on August 30, 2007 and September 4, 2007 respectively.

## CAUSE OF ACTION

### COUNT ONE

**PETITIONER OMID SAADATI IS ENTITLED TO DE NOVO REVIEW OF HIS N-400 APPLICATION, BECAUSE MORE THAN 120 DAYS HAVE ELAPSED SINCE PETITIONER'S EXAMINATION AND NO DECISION HAS BEEN RENDERED BY RESPONDENTS.**

32. Paragraphs 1 through 31 are incorporated as though fully set forth herein.

33. The DHS failed to adjudicate Petitioner's application for naturalization within 120 days of Petitioner's completion of his naturalization examination. Pursuant to 8 U.S.C. § 1447(b), INA § 336(b), the United States District Court for the district in which Petitioner resides "has jurisdiction over the matter and may either determine or remand the matter, with appropriate instructions, to the Service to determine the matter" if no action is taken on a naturalization application within 120 days of completion of the examination. Petitioner received notice that he passed all of the requirements for his naturalization examination on December 18, 2003. Petitioner also meets all statutory requirements for naturalization pursuant to 8 U.S.C. § 1427(a), INA § 316(a). Therefore, this court has the authority to adjudicate Petitioner's application or to remand this action to CIS with instructions for immediate adjudication.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner Omid Saadati prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Review de novo Petitioner Saadati's application for naturalization and grant him naturalization;

(3) If necessary, order that a hearing take place on this matter;

(4) In the alternative, order that Respondents immediately adjudicate Petitioner Omid Saadati's application for naturalization;

(5) Award reasonable costs and attorney's fees; and

(6) Grant such further relief as the Court deems just and proper.

Dated this 1st day of October, 2007

_____/s/_____
Michael Craig Cox

Attorney for Petitioner
Omid Saadati